IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN CAMPOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-0594 |
| | § | |
| AMERICAN BANKERS INSURANCE | § | |
| COMPANY OF FLORIDA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This is an insurance dispute arising out of hurricane damage to a home. The plaintiff, Juan Campos, sued his homeowners' insurer, American Bankers Insurance Company of Florida, and the adjuster assigned to the claim, Edward Castilleja, alleging that they failed to pay the benefits due for damage to his property after Hurricane Ike in 2008. Campos asserts state law causes of action for breach of contract, common law fraud, and breach of the duty of good faith and fair dealing. American Bankers Insurance removed on the basis of diversity jurisdiction. Campos moved to remand, arguing that removal on diversity grounds was improper because Campos and defendant Castilleja are both Texas residents. Based on careful review of the pleadings, the motion to remand and the response, the record, and the applicable law, this court grants the motion to remand. The reasons are set out below.

I.  **Factual and Procedural Background**

On September 13, 2008, Hurricane Ike struck southeast Texas and damaged Campos's home in Houston. The damaged property was insured by American Bankers Insurance. Campos made a claim on the insurance policy for property damage. American Bankers Insurance assigned Castilleja

to adjust the claim. Castilleja and Campos are both Texas citizens. A dispute arose between the parties over claim handling. On December 14, 2009, counsel for Campos sent a demand letter to American Bankers Insurance and Castilleja, asserting that their actions had violated the Texas Insurance Code and stating that Campos sought payment within 60 days of $158,000 in economic damages, as well as $25,000 in mental anguish damages and $65,200 in expenses and attorney's fees. (Docket Entry No. 1, Ex. I). Campos filed suit in state court three days after sending the letter. American Bankers Insurance timely removed, (Docket Entry No. 1), and Campos moved to remand, (Docket Entry No. 4). American Bankers Insurance argues that there is complete diversity of parties, despite the fact that both Campos and Castilleja are citizens of Texas, because Castilleja was fraudulently joined and his citizenship should be disregarded. (Docket Entry No. 7).

## II. The Applicable Law

### A. The Applicable Law

A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed. 28 U.S.C. § 1441. The removing party bears the burden of establishing that a state court suit is properly removable to federal court. *See Delgado v. Shell Oil Co.*, 231 F.3d 165, 178 n. 25 (5th Cir. 2000); *see also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) ("[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."). Doubts about the propriety of removal are to be resolved in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

If federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, an action is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b). A case may be removed

despite the presence of a resident defendant if the removing defendant shows that the resident defendant was improperly joined. *Salazar v. American Bankers Insurance Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). The removing party must prove either that there has been actual fraud in the pleading of jurisdictional facts or that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against that party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005). "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state [or nondiverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or nondiverse] defendant." *Id.* at 573 (quotation omitted). All factual allegations in the state court petition are considered in the light most favorable to the plaintiff, and contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

## III. Analysis

American Bankers Insurance argues that joining Castilleja was improper because Campos's complaint fails to offer specific facts in support of his claims against Castilleja. As a result, according to American Bankers Insurance, Campos has no reasonable possibility of recovering against Castilleja.

The parties do not dispute that the jurisdictional minimum has been met or that both Campos and Castilleja are Texas citizens. Because American Bankers Insurance has not alleged that there has been fraud in the pleading of jurisdictional facts, American Bankers Insurance can only establish that Castilleja was improperly joined if it can prove that there is no reasonable possibility that Harris

will be able to establish a cause of action against Castilleja in state court. *See Smallwood*, 385 F.3d at 573. If American Bankers Insurance fails to meet the "heavy" burden of establishing that Castilleja was joined improperly, the court must remand the action. *See Travis,* 326 F.3d at 649.

Campos's complaint brings some claims only against American Bankers Insurance, some claims only against Castilleja, and some claims against all defendants. The factual allegations in Campos's complaint about Castilleja are as follows:

> 16. Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE § 541.060(a)(1).
>
> 17. Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE § 541.060(a)(2)(a).
>
> 18. Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE § 541.060(a)(3).
>
> 19. Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE § 541.060(a)(4).

20. Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE § 541.060(a)(7).

21. Defendants failed to meet their obligations under the Texas Insurance Code regarding the timely acknowledgement [sic] of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE § 542.055.

22. Defendants failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE § 542.056.

23. Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendants have delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff ha[s] not yet received full payment for [his] claim. Defendant['s] conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE § 541.058.

. . .

## CAUSES OF ACTION
## CAUSES OF ACTION AGAINST DEFENDANT CASTILLEJA

28. Defendant Castilleja's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.

TEX.INS.CODE § 541.060(a). All violations under this article are made actionable by TEX.INS.CODE § 541.151.

29. Defendant Castilleja is individually liable for his unfair and deceptive acts, irrespective of the fact [he] was acting on behalf of Defendant American Bankers, because individually, they meet the definition of a "person" as defined by TEX.INS.CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX.INS.CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex.1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

30. Defendant Castilleja's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE § 541.060(1).

31. Defendant Castilleja's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE § 541.060(2)(A).

32. The unfair settlement practice of Defendant Castilleja as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE § 541.060(3).

33. Defendant Castilleja's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE § 541.060(4).

34. Defendant Castilleja's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE § 541.060(7).

### FRAUD

35. Defendant Castilleja is liable to Plaintiff for common law fraud.

36. Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which Defendant Castilleja knew were false or made recklessly without any knowledge of their truth as a positive assertion.

37. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury, which constitutes common law fraud.

. . .

41. Defendant American Bankers' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE § 541.060(a). All violations under this article are made actionable by TEX.INS.CODE § 541.151.

42. Defendant American Bankers' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE § 541.060(1).

43. Defendant American Bankers' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant American Bankers' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE § 541.060(2)(A).

44. Defendant American Bankers' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE § 541.060(3).

45. Defendant American Bankers' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE § 541.060(4).

46. Defendant American Bankers' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE § 541.060(7).

On the basis of these allegations, Campos brings claims against Castilleja individually in paragraphs 28 to 37, alleging violations of the Texas Insurance Code §§ 541.060(1), 541.060(2)(A), 541.060(3), 541.060(4), 541.060(7), as well as fraud. The complaint also brings claims against American Bankers Insurance alone for breach of contract and for breach of the duty of good faith and fair dealing, and states claims against American Bankers Insurance under the Texas Insurance Code in terms essentially similar to the claims brought against Castilleja.

To avoid remand, American Bankers Insurance must prove that there is no reasonable possibility that Campos will be able to establish a cause of action against Castilleja in state court. *See Smallwood*, 385 F.3d at 573. The parties do not dispute that Texas law recognizes a cause of action against an insurance adjuster for violations of the Texas Insurance Code and for common law fraud. *See, e.g., Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484-86 (Tex. 1998); *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 282 (5th Cir. 2007); *Blanchard v. State Farm Lloyds*, 206 F.Supp.2d 840, 845-46 (S.D.Tex. 2001). American Bankers Insurance argues that Castilleja was improperly joined because Campos's petition only recites statutory language from the Texas Insurance Code and fails to allege specific facts against Castilleja that could support liability for violations of the Insurance Code or common law fraud.

Campos's petition alleges that his property was damaged, that Castilleja was tasked with handling the insurance claim, and that Castilleja failed to fulfill this task in the manner required by the Texas Insurance Code. Campos alleges that Castilleja mishandled the claim in several specific ways, including: misrepresenting the policy coverage, failing to attempt a fair settlement, failing to act within a reasonable time to affirm or deny coverage or to reserve rights, failing to conduct a reasonable investigation, and failing to explain American Bankers Insurance's reasons for denying payment. Campos asserts claims against Castilleja individually, in claims separate from those brought against American Bankers Insurance. Campos's allegations, if proven true, would create a reasonable possibility that Campos could prevail in his claims against Castilleja. American Bankers Insurance has presented no evidence disproving these allegations. The fact that the pleadings do little more than recite the elements of the statutory claims might be viewed as pleading insufficiency in federal court and might be the basis for an order granting leave to amend. But this

court cannot conclude that there is no reasonable basis to predict that Campos might recover against Castilleja in state court.

This result is consistent with recent Southern District of Texas opinions involving similar facts and claims. *See Harris v. Allstate Tex. Lloyd's*, No. H-10-0753, 2010 WL 1790744 (S.D. Tex. Apr. 30, 2010); *Leisure Life Senior Apartment Housing II, Ltd. v. Lloyds of London*, No. H-09-3067, 2009 WL 3834407 (S.D. Tex. Nov. 12, 2009); *Davis v. Travelers Lloyds of Texas Ins. Co.*, No. H-09-2260, 2009 WL 3255093 (S.D. Tex. Sept. 29, 2009); *CD Mgmt. Corp. v. Nationwide Prop. & Cas. Ins. Co.*, No. H-09-1701 (S.D. Tex. July 28, 2009). These cases each dealt with Hurricane Ike claims in which the plaintiff brought claims similar to those in the present action against an insurance company and an instate claims adjuster. In each case, the defendant failed to present evidence showing that the plaintiff had no reasonable possibility of recovering against the instate defendant, and in each case, the court remanded the action to state court.

The cases in which the courts in the Southern District of Texas has denied remand have included evidence strongly showing that recovery against the instate adjuster would be unlikely. *See Jimenez v. Travelers Indemnity Company*, No. H-09-1308, 2010 WL 1257802, at *4-6 (S.D. Tex. Mar. 25, 2010) (denying remand because the instate adjuster named as the defendant was not the adjuster who had analyzed and denied the claim); *Lakewood Chiropractic Clinic v. Travelers Lloyds Insurance Company*, No. H-09-1728, 2009 WL 3602043, at *4 (S.D. Tex. Oct. 27, 2009) (same); *Frisby v. Lumbermens Mutual Casualty Company*, No. H-07-0015, 2007 WL 2300331, at *5 (S.D. Tex. Feb. 20, 2007) (denying remand because the defendant presented deposition testimony by the plaintiff that the instate defendant "never made any untrue statements to him, never failed to tell him an important fact, and never made a statement in a way that led him to a false conclusion").

American Bankers Insurance has provided the court with no such evidence from which it could predict that Campos has no reasonable possibility of recovering against Castilleja. Remand is therefore appropriate.

### IV. Attorney's Fees and Costs

Campos seeks an award of attorney's fees and costs under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The United States Supreme Court has stated that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S. Ct. 704, 711 (2005). The record does not show that American Bankers Insurance lacked an objectively reasonable basis for seeking removal. There are cases in which, based on comparable facts, district courts have denied remand. *See, e.g., First Baptist Church v. Guideone Mut. Ins. Co.*, No. 1:07-CV-998, 2008 WL 4533729 (E.D. Tex. 2008). And Campos's pleadings are unnecessarily generalized. Although American Bankers Insurance did not meet its burden in this action, it presented a reasonable argument in support of its position. Campos's request for attorney's fees and costs is therefore denied.

### V. Conclusion and Order

For the reason explained above, the court concludes that American Bankers Insurance has failed to prove that Campos has no reasonable possibility of recovering against Castilleja. Because American Bankers Insurance has failed to establish that Castilleja was improperly joined, the court lacks diversity jurisdiction and remands the action to state court. The Motion to Remand, (Docket

Entry No. 4), is granted. This action is remanded to the 11th District Court of Harris County, Texas by separate order.

      SIGNED on June 30, 2010, at Houston, Texas.

                                      Lee H. Rosenthal
                                United States District Judge